IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEANDRE HARLAN,

       Plaintiff,

vs.                            No. CV 19-00619 DHU KBM

GERMAN FRANCO, WARDEN,
NEW MEXICO CORRECTIONS DEPARTMENT,
JULIE JONES, SECRETARY,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Complaint (Tort) filed by Plaintiff Deandre Harlan in the First Judicial District Court, County of Santa Fe, State of New Mexico, and removed to this Court by Defendants. (Doc. 1-1). The Court will dismiss the Complaint and grant Plaintiff Harlan leave to file an amended complaint within 30 days.

## I. Factual and Procedural Background

Plaintiff Deandre Harlan is a prisoner in the custody of the New Mexico Department of Corrections. (Doc. 1-1 at 2). Plaintiff challenges the result of disciplinary proceedings by the New Mexico Corrections Department ("NMCD"). An NMCD Inmate Misconduct Report states as follows:

> "On April 3, 2018 at approx. 8:00 am I Lt. Garley was going through Inmate Deandre Harlan #69926 property so that I could issue it to him. At this time I found several "kites" notes talking about drugs. I then found a note that said "3-shots/8th total". I opened it up inside was three pieces of an orange substance wrapped up individually in cellaphane. I found another note that said "Starbucks Pod" on it. I opened that up and inside was another piece of the orange substance. I confiscated the orange substance for testing because it is consistent with Suboxone/Buprenorphine. I then tested the orange substance and it tested positive for Buprenorphine at 12:30 pm. I have been trained and certified in the M.M.C. International B. B Buprenorphine HCL test on

> April 2017.  The Inmate was interviewed an offered a confirmation
> which he declined to send it out.  There was a total of (4) pieces of the
> Suboxone individually wrapped in cellaphane and I used one piece for
> testing.  The rest was placed in the evidence room.

(Doc. 1-1 at 7).

On April 3, 2018, Plaintiff was issued a misconduct report for the charge of A(18) Possession or Use of Dangerous Drugs at Central New Mexico Correctional Facility. (Doc. 1-1 at 3, 7-17).  Following a continuance to allow Harlan to prepare, a major disciplinary hearing was held on the charges on April 16, 2018.  (Doc. 1-1 at 3, 18, 19-22). Plaintiff was found to have committed the charges and guilty of the violation.  (Doc. 1-1 at 3, 19-21).  Plaintiff was sanctioned with 90 days loss of good time, 60 days loss of commissary/purchasing privileges, and 365 days loss of visitation privileges.  (Doc. 1-1 at 3, 21).  Plaintiff filed an appeal, which was denied by Warden Ken Smith.  (Doc. 1-1 at 24).  A further appeal to the Department of Corrections was denied by German Franco, Director of Adult Prisons.  (Doc. 1-1 at 3, 23).

Plaintiff also challenges a Predatory Behavior Management Referral by the New Mexico Corrections Department on May 3, 2018.  (Doc. 1-1 at 25-26).  The Predatory Behavior Management Referral states:

> "On March 20, 2018, STIU Investigators Keri Johnson and Tarral
> Seaboy interviewed Confidential Informant KJTS02 (LCCF __/20/18).
> Confidential Informant will be further addressed as Source.  Source
> stated that he had advised staff two weeks ago that the following
> inmates Alexis Silva (NMCD # 69535), Brian Vigil (NMCD #73008) and
> DeAndre Smith (NMCD #80851) who goes by the moniker Dray had
> placed a bounty to take out the Warden.  Source advised that he had
> inmate Smith wrong and meant to say it was Deandre Harlan (NMCD #69926)
> wo was talking about putting up a bounty on the Warden.  Source advised
> that all three mentioned inmates are big time drug hitters and dealers.
> Source stated that several inmates were considering the offer, however wanted
> money instead of the drugs due to the fact that some inmates do not use drugs.
> Source advised that the three mentioned inmates then offered "Suboxone"
> (Buprenorphins) or money to "Hit" the Warden. . ."

2

(Doc. 1-1 at 25).

> "On March 23, 2018, inmates Alexis Silva #69535, Brian Vigil #73008
> and Deandre Harlan #69926 were transported to Central New Mexico
> Correctional Facility.
> On April 3, 2018, Lt. Garley was conducting property inventory sheets
> on several inmates in RHU that came from LCCF.  Lt. Garley searched
> Inmate Harlan #69926 property which was two clear totes and two bags.
> Inside one of the clear totes were several kits talking about drugs.  The
> first kit stated "3 shots/8th total."  Lt. Garley opened it and inside was
> three precut pieces of Suboxone (Buprenorphine) individually wrapped
> and fold up in the note.  As she continued searching, Lt. Garley found
> another kite that read "Starbuck pod".  It was opened and it revealed
> talk of more drugs and inside was a smaller piece of paper wrapped
> up.  That paper was opened and inside was another small piece of Suboxone.
> The remaining property was searched and there was no other property or
> contraband found.  State Police was notified and CAD# was assigned #NMSP
> 18088637."

(Doc. 1-1 at 26).  Plaintiff Harlan appealed the Predatory Behavior Management Referral to the

New Mexico Department of Corrections, and the appeal was denied by German Franco, Director

of Adult Prisons Division.  (Doc. 1-1 at 27).

Plaintiff Harlan then filed a Petition for Writ of Habeas Corpus in the First Judicial District

Court on December 24, 2018.  (Doc. 1-1 at 5).  Harlan's Petition challenged both the disciplinary

proceeding and the Predatory Behavior Management Referral. (Doc. 1-1 at 6-42).  The state court

dismissed the Petition on the grounds that Plaintiff had not shown entitlement to habeas corpus

relief.  *See Deandre Harlan v. German Franco,* No. D-101-CV-2018-03667 (Procedural Order on

Petition for Writ of Habeas Corpus, February 4, 2020).

Plaintiff Deandre Harlan filed a Complaint (Tort) in New Mexico state court on May 30,

2019.  (Doc. 1-1).  The Complaint asserts jurisdiction under the New Mexico Tort Claims Act.

(Doc. 1-1 at 1).  For his "Nature of the Action, Plaintiff states he seeks damages for "Punitive

Damages, Compensatory, Monetary, Negligence, (IIED) Intentional Infliction of Emotional

Distress, Exemplary Damages, Deliberate Indifference, Mental Anguish."  (Doc. 1-1 at 2).

Plaintiff's Complaint incorporates his state Petition for Writ of Habeas Corpus. (Doc. 1-1 at 5-42). He claims that the disciplinary action and referral to the Predatory Behavior Management program violated his 5th, 8th, and 14th Amendment constitutional rights. (Doc. 1-1 at 3-4). His prayer for relief requests:

> "Mental Anguish $5,000.00, Annoeyance $5,000.00,
> Anxiety $600,000.00 Compensatory $100,000.00,
> Monetary $100,000.00 Punitive Damages $2.5 Million."

(Doc. 1-1 at 43).

## II.  Dismissal for Failure to State a Claim

Plaintiff Harlan is proceeding pro se. (Doc. 1-1). The Court has the discretion to dismiss a pro se complaint *sua sponte* for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.

1994).  The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant.  *Hall v. Bellmon,* 935 F.2d at 1110.

### III.  <u>Analysis of Plaintiff Harlan's Claims</u>

Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution.  *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006).  Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).  Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed

under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

**A.  Plaintiff's Claims Challenging the Disciplinary Conviction and Punishment are Barred by *Heck v. Humphry*:**

In this case, Plaintiff Harlan challenges the punishments imposed through the prison disciplinary process.  (Doc. 1-1 at 3-4).  Plaintiff Harlan alleges that he was denied due process at a disciplinary hearing, resulting in his conviction and "sanctions" and seeks an award of damages. (Doc. 1-1 at 3-4, 43).  To the extent Plaintiff Harlan challenges his conviction and punishments imposed as a result of the prison disciplinary process, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Section 1983 is not applicable to "challenges to punishments imposed as a result of prison disciplinary infractions," unless the disciplinary conviction has already been invalidated. *Cardoso v. Calbone*, 490 F.3d 1194, 1199 (10th Cir. 2007). The Supreme Court has made clear that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). This rule applies not only when the prisoner challenges his conviction but also when he

challenges punishments imposed as a result of prison disciplinary infractions. *Balisok*, 520 U.S. at 648; *Cardoso v. Calbone*, 490 F.3d 1194, 1199 (10th Cir. 2007).

In this case, a damages award in favor of Plaintiff Harlan would necessarily imply the invalidity of his disciplinary conviction. Consequently, because Harlan has not shown that the conviction for the major disciplinary infraction A(18) Possession or Use of Dangerous Drugs has previously been invalidated, his request for damages resulting from his prison disciplinary proceedings is barred based on *Heck* and *Edwards v. Balisok*. *Balisok*, 520 U.S. at 643; *Calbone*, 490 F.3d at 1199.

## B. <u>Plaintiff's Remaining Constitutional Claims Fail to State a § 1983 Claim for Relief</u>:

To the extent any of Plaintiff Harlan's § 1983 claims are not barred by the *Heck* doctrine, the Complaint fails to state a sufficient § 1983 claim for relief. In his Complaint, Harlan challenges on constitutional due process grounds the prison disciplinary proceedings that resulted in certain punishments, including loss of good time credits, loss of commissary and buying privileges, and loss of visitation privileges. He also challenges the referral to the Predatory Management Behavior program. (Doc. 1-1 at 3-4). It is well established that prisoners possess a liberty interest in some disciplinary actions. *Wallace v. Cody,* 951 F.2d 1170, 1172 n. 1 (10th Cir.1991), *superseded by statute on other grounds as recognized in Magar v. Parker,* 490 F.3d 816 (10th Cir.2007). Where prisoners possess liberty interests, they are entitled to due process protections before being deprived of those interests. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974).

When a prison disciplinary hearing may result in the loss of a liberty interest, such as earned credits, a prisoner must be accorded "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense*;* and (3) a written statement by the factfinder of the

evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985) (emphasis added); *Wolff,* 418 U.S. at 563–67.  In addition, loss of a liberty interest does not comport with the minimum procedural due process requirements unless the prison's disciplinary findings are supported by some evidence in the record. *Hill,* 472 U.S. at 454.

However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff,* 418 U.S. at 556. Although the right of a prisoner to call witnesses and present documentary evidence is central to the *Wolff* requirements, the right is "necessarily circumscribed by the penological need to provide swift discipline in individual cases." *Ponte v. Real,* 471 U.S. 491, 495 (1985). The right to call witnesses is further subject to the "mutual accommodation between institutional needs and objectives and the provisions of the Constitution." *Id.* (internal quotation marks omitted). "[A]s with a prisoner's request to call a particular witness, prison officials are required to consider a request for documentary evidence on an individualized basis." *Howard v. United States Bureau of Prisons,* 487 F.3d 808, 813 (10th Cir.2007). "Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority[.]" *Wolff,* 418 U.S. at 566.

For purposes of this Memorandum Opinion and Order, the Court assumes that the claimed discipline, including loss of good time, commissary, and visitation privileges and referral to the Predatory Behavior Management program constituted liberty interests.  As far as the A(18) disciplinary proceedings, Harlan's hearings complied with the due process requirements for prison disciplinary proceedings in *Wolff v. McDonnell,* 418 U.S. at 563-566. The Complaint, itself, demonstrates that Harlan received: (1) written notice of the charges against him at least twenty-

four hours before the hearing; (2) the opportunity to call witnesses, present documentary evidence

in his defense, review the evidence submitted against him, including the chain of custody evidence

for the confiscated Suboxone; and (3) a written statement of the evidence relied on and the reasons

for the disciplinary action.  (Doc. 1-1 at 7-22).   *Wolff*, 418 U.S. at 563–66. Harlan was also granted

the opportunity to appeal and did appeal the disciplinary infraction proceeding at both the facility

and the NMCD levels.  (Doc. 1-1 at 23-26). Harlan's claims of due process violations in connection

with the disciplinary proceedings do not state a § 1983 claims for relief.

The question of whether Plaintiff's constitutional rights were violated by the Predatory

Management Behavior Referral presents a close question.  However, as is set out below, the

Complaint still fails to state a claim for relief because Plaintiff does not identify individual actors

or how individual actions violated Harlan's constitutional rights.

### C.  The State, Including State Agencies and Officials in Official Capacity, is Not a Person for Purposes of § 1983:

Plaintiff names Director of Adult Prisons for NMCD, German Franco, New Mexico

Department of Corrections, and Julie Jones, "Secretary" as Defendants in their official capacities.

(Doc. 1-1 at 2).  In the body of the Complaint, he also makes reference to David Jablonski,

Secretary, and Jerry Roark, Deputy Secretary as Defendants. (Doc. 1-1 at 3).  The New Mexico

Corrections Department is a state agency. As such, the claims against it are claims against the State

of New Mexico, as are any claims against Director Franco, Secretary Jones, Secretary Jablonski,

and Deputy Secretary Roark in their official capacity.

The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is

no remedy against the State under § 1983. Section 1983 is a "remedial vehicle for raising claims

based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th

Cir. 2016) (quotation marks omitted). It does not abrogate the states' sovereign immunity and

neither the states nor their agencies qualify as "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 71 (1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (unpublished). Therefore, the claims against the New Mexico Corrections Department and the official capacity claims against German Franco, Julie Jones, David Jablonski, and Jerry Roark will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. at 63-64.

### D.  The Complaint Alleges No Individual Actions for Individual Capacity Claims:

Plaintiff also claims to sue Defendants Franco, Jones, Jablonski, and Roark in their individual capacity.  (Doc. 1-1 at 2).  To succeed on an individual capacity claim, Plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution.  *Ashcroft v. Iqbal,* 556 U.S. at 676.  The body of the Complaint, however, contains no allegations of any individual action by Defendants Jones, Jablonski, or Roark.  In the absence of any allegations of individualized conduct, the Complaint fails to state any claim for relief against Jones, Jablonski, or Roark.  *Id.*

As for Defendant, German Franco, the only allegation against him is that "Plaintiff filed an Appeal at every level but was denied by German Franco, Director of Adult Prisons."  (Doc. 1-1 at 3).  However, the denial of Plaintiff's appeal, standing alone, is insufficient to show a violation of constitutional rights.  *See Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (official's failure to process inmates' grievances, without more, is not actionable under section 1983); *Greer v. DeRobertis,* 568 F.Supp. 1370, 1375 (N.D. Ill. 1983) (prison officials' failure to respond to grievance letter violates no constitutional or federal statutory right).  The allegations are insufficient to state a § 1983 claim against Defendant Franco. *Fogarty v. Gallegos,* 523 F.3d at 1162.

### E.  __The Court Declines to Exercise Supplemental Jurisdiction__

Plaintiff Harlan alleges that he is proceeding on theories of negligence and intentional infliction of emotional distress.  (Doc. 1-1 at 2).  To the extent Plaintiff may be trying to assert state-law negligence or infliction of emotional distress claims, the Court declines to exercise supplemental jurisdiction over those claims.

Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims.  A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. *See* § 1367(c).  Under § 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *Osborn v. Haley*, 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, (2006).

The U.S. Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir.2011); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir.1998); *Young v. City of Albuquerque,* 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

This Court is dismissing all federal claims in this case and declines to exercise supplemental jurisdiction over Plaintiff Harlan's remaining state-law claims.  As set out, below, the Court is granting Plaintiff Harlan leave to amend his Complaint.  If Plaintiff Harlan does not

amend to state a proper federal claim for relief, the Court will remand the state law claims to the First Judicial District Court, County of Santa Fe, State of New Mexico.

### IV. <u>The Court Will Grant Plaintiff Leave to File an Amended Complaint</u>

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

In this case, the Court concludes that amendment of the complaint would not be futile. Although Plaintiff's claims relating to the disciplinary proceeding are barred and likely could not be amended to state a claim, his claims relating to the Predatory Behavior Management Referral potentially might state a claim for relief if Plaintiff identifies individual actors and actions that resulted in a constitutional deprivation. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Therefore, the Court will grant Plaintiff Harlan the opportunity to amend his Complaint to remedy the defects in his pleading. *Hall v. Bellmon,* 935 F.2d at 1109. Any amended complaint must be filed within 30 days after entry of this Memorandum Opinion and Order. The amended complaint must factually specify the conduct of each named individual defendant and how that defendant's conduct violated Plaintiff's constitutional rights. In addition, if Plaintiff seeks to assert claims against an entity defendant, he must set out facts showing how either prison policy or custom directly resulted in a violation of Plaintiff's constitutional rights. *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 690-95 (1978). If Plaintiff fails to file an amended complaint consistent with

this Memorandum Opinion and Order within 30 days, the Court may enter a final dismissal of this case and remand any state law claims without further notice.

**IT IS ORDERED:**

**(1)** all federal claims in the Complaint (Tort) (Doc. 1-1) filed by Plaintiff Deandre Harlan are DISMISSED as barred by *Heck v. Humphry* or for failure to state a claim on which relief can be granted; and

**(2)** Plaintiff Deandre Harlan is granted leave to file an amended complaint within 30 days after entry of this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE