IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEANDRE HARLAN,

    Plaintiff,

v.                                                            No. 19-cv-619-DHU-KBM

GERMAN FRANCO, WARDEN,
NEW MEXICO CORRECTIONS
DEPARTMENT, JULIE JONES,
SECRETARY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court following Plaintiff's failure to file an amended complaint. Being sufficiently advised, and for the reasons that follow, the Court will dismiss this case.

Plaintiff Deandre Harlan filed a Tort Complaint (the "Complaint") in New Mexico's First Judicial District Court, Santa Fe. In the Complaint Plaintiff (1) challenged the constitutionality of the result of disciplinary proceedings by the New Mexico Corrections Department ("NMCD"), (2) challenged the constitutionality of his referral to the Predatory Behavior Management Program (PBMP), (3) sought damages in connection with NMCD's proceedings and the PBMP referral, and (4) sought recovery for alleged tortious conduct under the New Mexico Tort Claims Act ("NMTCA"). Plaintiff's claims were brought against the Defendants in their individual and official capacities. Since the Complaint included both federal and state claims, Defendants removed the matter to this Court.

In a Memorandum Opinion and Order filed on June 2, 2022 (the "June 2 MOO"), the Court held that to the extent Plaintiff sought damages for the NMCD proceedings or the PBMP referral,

the claims are barred by the *Heck* doctrine. (Doc. 7 at 6-7) *See Heck v. Humphry*, 512 U.S. 477, 487 (1994) ("[U]nless the plaintiff can demonstrate that the conviction or sentence has already been invalidated[,]" a state prisoner's § 1983 claim that would necessarily imply the invalidity of their conviction or sentence must be dismissed); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (a prisoner's claim for monetary damages arising from prison disciplinary decisions is not cognizable under § 1983 if it would "necessarily imply the invalidity of the punishment imposed").

The Court dismissed Plaintiff's "official capacity" claims against Defendants—each of them a state official—as barred by the Eleventh Amendment and not actionable under § 1983. (Doc. 7 at 9-10); *see Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity . . . is no different from a suit against the State itself"). The individual capacity claims were dismissed on the ground that Plaintiff failed to specify how any individual through their own actions violated his constitutional rights. (Doc. 7 at 10); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution.").

As to Plaintiff's constitutional challenges to NMCD's disciplinary proceedings and his referral to PBMP, the Court held that the Complaint failed to state a claim upon which relief could be granted. *See* (Doc. 7 at 8-9) (assuming the truth of the allegations in the Complaint and holding that NMCD's disciplinary proceedings compiled with due process requirements of *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974)); (Doc. 7 at 9) ("The question of whether Plaintiff's constitutional rights were violated by the [PBMP referral] presents a close question" but Plaintiff's failure to specify *who* did *what* in violation of his constitutional rights requires dismissal of the claim).

Plaintiff was given an opportunity to amend the Complaint to remedy the defects that led

to dismissal. (Doc. 7 at 12-13). He declined to do so. The thirty-day deadline within which Plaintiff was permitted to file an amended complaint has passed. Accordingly, all federal claims in the Complaint will be dismissed with prejudice.

Further, having declined to exercise supplemental jurisdiction over Plaintiff's state law tort claims, (Doc. 7 at 11), the Court will remand this case to the state court for the disposition of those claims.

IT IS ORDERED:

1. All federal claims in the complaint (Doc. 1-1) are dismissed with prejudice.
2. This matter shall be remanded to the First Judicial District Court, State of New Mexico, County of Santa Fe, for the disposition of Plaintiff's tort claims, which are governed by New Mexico law.

_____
United States District Judge